UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOVANN L. MARTIN,
    *Petitioner*,

v.

DAREK PUZIO, Acting Warden of
FCI Dabury,
    *Respondent.*

No. 3:24-cv-01600 (VAB)

**RULING AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Jovann Martin's petition for writ of habeas corpus.

For the following reasons, the petition for writ of habeas corpus is **DISMISSED**.

**I.    BACKGROUND**

A jury convicted Mr. Martin of conspiracy to distribute and possession with intent to distribute cocaine and felon in possession of ammunition in the United States District Court for the Southern District of New York. Resp. Ex. 3, ECF No. 12-3 ¶ 2, and he is serving a 60-month sentence at FCI Danbury as a result. *Id.* According to the Bureau of Prisons' ("BOP") website, Mr. Martin's anticipated release date is May 25, 2026. BOP, *Inmate Locator*, https://www.bop/gov/inmateloc (Reg. No. 05223-082) (last accessed April 3, 2025).

Mr. Martin has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 "challenging how the sentence is being carried out by the prison." Pet., ECF No. 1 ¶ 2. Mr. Martin argues that the BOP has refused to permit him to participate in the Residential Drug Abuse Program ("RDAP") because of his conviction for felon in possession of ammunition under 18 U.S.C. § 922(g). *See id.* ¶ 3. Respondent, Acting Warden Darek Puzio, filed a response, Resp., ECF No. 12, and Mr. Martin filed a reply. Reply, ECF No. 15.

1

**II.     STANDARD OF REVIEW**

A federal prisoner may petition for habeas relief if he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). "A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (internal citations omitted). Thus, habeas petitioners may seek relief under § 2241 "to challenge 'such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.'" *McPherson v. Lamont*, 457 F. Supp. 3d 67, 74 (D. Conn. 2020) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001), and collecting other Second Circuit cases).

The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011).

**III.    DISCUSSION**

Participation in RDAP falls within the categories of challenges that may be brought under § 2241. *See Jiminian*, 245 F.3d at 146 (listing "computation of a prisoner's sentence by prison officials" and the "type of detention" as permissible grounds for a § 2241 petition); *Colon v. Craig*, No. 06-CV-679 DRH, 2007 WL 3076926, at *1 (N.D.N.Y. Oct. 19, 2007) (considering § 2241 petition "alleging that BOP arbitrarily denied [prisoner] participation in the Residential Drug Abuse Program (RDAP)" (bracketed material substituted)).

But "[t]he Second Circuit has made clear that a petitioner must exhaust h[is] administrative remedies prior to filing an action under § 2241." *Daraio v. Lappin*, No. 3:08CV1812(MRK), 2009 WL 303995, at *3 (D. Conn. Feb. 9, 2009) (citing *Carmona,* 243 F.3d at 634 (citation omitted)). "Section 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, [but] decisional law has superimposed such a requirement in order to accommodate principles of federalism." *U.S. ex rel. Scranton v. State of N.Y.*, 532 F.2d 292, 294 (2d Cir. 1976) (alteration added). Thus, § 2241's exhaustion requirement is judicial, not statutory.[1] *Carmona*, 243 F.3d at 634. "[T]he distinction between the two exhaustion requirements can be 'pivotal,' because statutory exhaustion requirements are mandatory, while the judicial (common-law) exhaustion doctrine is discretionary and includes a number of exceptions." *Beharry v. Ashcroft*, 329 F.3d 51, 56 (2d Cir. 2003) (internal quotation and citations omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 91 (2006). To properly exhaust administrative remedies under the judicially imposed exhaustion requirement, a petitioner must comply with the four-step Administrative Remedy Program ("the Program") established by the BOP. *See Atiyas v. Stover*, No. 23-CV-1132 (VDO), 2024 WL 343029, at *2 (D. Conn. Jan. 30, 2024) (describing the four steps that must be taken before filing a § 2241 petition).

---

[1] The Court acknowledges the open question of whether the Prison Litigation Reform Act's ("PLRA") exhaustion requirement also applies to § 2241 actions. *See Atiyas v. Stover*, No. 23-CV-1132 (VDO), 2024 WL 343029, at *2 (D. Conn. Jan. 30, 2024). But, like Judge Oliver in *Atiyas*, it declines to apply the PLRA's exhaustion requirement in § 2241 actions "[u]ntil such time as the Second Circuit resolves this issue." *Id.*

Under the Program, an inmate must first attempt informal resolution with prison staff by submitting a BP-8 form. 28 C.F.R. § 542.13(a). He must next initiate a formal request to the Warden by submitting a BP-9 form. 28 C.F.R. § 542.14(a). He must then appeal to the appropriate Regional Director by submitting a BP-10 form. 28 C.F.R. § 542.15(a). Finally, he must further appeal to the BOP General Counsel by submitting a BP-11 form. *Id.* "[A]n inmate's claim is not considered fully exhausted until it is considered by the BOP General Counsel[.]" *Emery v. Pullen*, No. 3:22-CV-1003 (SVN), 2023 WL 348114, at *5 (D. Conn. Jan. 20, 2023) (citing *South v. Licon-Vitale*, No. 3:19-cv-1763 (VLB), 2020 WL 3064320, at *1 (D. Conn. June 9, 2020 (citing 28 C.F.R. § 542.15(a)))). "In section 2241 actions, the burden of demonstrating exhaustion of administrative remedies is on the petitioner." *Paulino v. Flowers*, No. 3:24-CV-1569 (VAB), 2025 WL 297388, at *1 (D. Conn. Jan. 24, 2025).

Because § 2241's exhaustion requirement is judicially created, "a court has discretion to excuse the administrative exhaustion requirement for federal prisoners." *Donato v. Pullen*, No. 3:22-CV-640 (JAM), 2023 WL 1967340, at *4 (D. Conn. Feb. 13, 2023). The Second Circuit has identified four bases to excuse administrative exhaustion in the habeas context: "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Beharry*, 329 F.3d at 62; *Anderson v. Williams*, No. 3:15-CV-1364 (VAB), 2017 WL 855795, at *7 (applying the four categories identified in *Beharry* to a § 2241 petition).

Acting Warden Puzio argues that Mr. Martin failed to exhaust his administrative remedies before filing his habeas petition, and even if he properly exhausted, his claim fails on the merits. ECF No. 12 at 7, 12. As to the first argument, BOP records appended to Acting

4

Warden's Puzio's response show that Mr. Martin has not exhausted his administrative remedies by completing any of the steps in the Program. *See* Resp. Ex. 4, ECF No. 12-4.

Mr. Martin concedes that he "has not exhausted administrative remedies on this matter." ECF No. 1 ¶ 4. But he maintains that exhausting his administrative remedies would "unduly prejudice[ ]" him. ECF No. 15 at 1. In his view, he will be irreparably injured, or in his words, "unduly prejudiced," by completing the exhaustion process because "should he win this Petition (after being forced to wait at least 6 months for exhaustion), the Court could not grant him the relief requested as he wouldn't have time left to apply the credits to which he was lawfully denied." ECF No. 15 at 2. Mr. Martin next argues that exhaustion should be excused because "this is a request for statutory interpretation." ECF No. 15 at 2.

The Court disagrees.

As Mr. Martin himself concedes, he has not attempted to exhaust his administrative remedies by completing the four steps in the Program. *See* ECF No. 15 (maintaining instead that he "need not exhaust his remedies" (caps omitted)). Thus, he has not exhausted his administrative remedies before filing his § 2241 petition, as required.

As to his excuses for not exhausting, Mr. Martin appears to be claiming that there will be "irreparable injury . . . without immediate judicial relief," *Beharry*, 329 F.3d at 62, but that argument fails for two reasons.

First, he wrongfully assumes that "[h]is release date is on a sliding scale getting closer and closer" as he accumulates sentence credits under the First Step Act ("FSA"). *See id.* But, as this Court recently recognized, "Earned Time Credits" ("ETCs") under the FSA, "like good conduct credit, may be lost." *Gilmore v. Puzio*, No. 3:24CV1685 (VAB), 2025 WL 509344, at *4 (D. Conn. Feb. 14, 2025) (citing 28 C.F.R. § 523.43 (entitled "Loss of FSA Time Credits"); 28

5

C.F.R. § 541.3 (loss of FSA Time Credits is an available sanction for prohibited acts)). Thus, Mr. Martin cannot assume his accumulation of ETCs will result in his release date "getting closer and closer," when that release date may recede if he loses those credits for any reason.

Second, even if Mr. Martin's accumulated ETCs entitled him to an earlier release, courts have widely recognized that continued imprisonment does not constitute irreparable harm. *See*, *e.g.*, *Donato*, 2023 WL 1967340, at *4 (concluding that "if continued imprisonment during the pendency of the administrative remedy process were enough—standing alone—to establish irreparable harm, then courts would have to excuse the administrative exhaustion requirement in all cases where prisoners seek to be released from imprisonment. That makes no sense."); *Paz Nativi v. Shanahan*, No. 16-CV-8496 (JPO), 2017 WL 281751, at *2 (S.D.N.Y. Jan. 23, 2017) (concluding that "continued detention . . . is insufficient to qualify as irreparable injury justifying non-exhaustion."); *Giwah v. McElroy*, No. 97 Civ. 2524, 1997 WL 782078, *4 (S.D.N.Y. Dec. 19, 1997) ("If incarceration alone were the irreparable injury complained of, then the exception would swallow the rule that the INS administrative remedies must be exhausted before resorting to the federal courts."). Thus, regardless of when Mr. Martin may be released, his impending release does not excuse his failure to exhaustion administrative remedies.

Finally, as to his remaining excuse for failure to exhaust, statutory interpretation, the Court construes that to mean that "(1) available remedies provide no genuine opportunity for adequate relief" and that any "(3) administrative appeal would be futile." *Beharry*, 329 F.3d at 62. But "exhaustion is not applicable to [a federal habeas petitioner's] claim because it involves statutory interpretation." *Hajati v. U.S. Dep't of Prob.*, No. 3:22-CV-887 (VAB), 2023 WL 2895903, at *2 (D. Conn. Mar. 24, 2023) (bracketed material substituted) (reasoning that "exhaustion is required for Petitioner's challenge to the BOP's application of his FSA credits

6

because the BOP is in the best position to assess whether there was an error in considering Petitioner's entitlement to credit under the FSA and 'should be given an opportunity to correct any such error.'" (quotation omitted)). As a result, Mr. Martin has provided insufficient reasons to excuse exhaustion.

Accordingly, his petition will be dismissed without prejudice for failure to exhaust administrative remedies, *see Donato*, 2023 WL 1967340, at *5 (granting motion to dismiss on non-exhaustion grounds); *Young v. McClendon*, No. 22-CV-00710 (KAD), 2022 WL 2952772, at *5 (D. Conn. July 26, 2022) (noting that "[t]he court may dismiss a § 2241 petition *sua sponte* for failure to exhaust state court remedies."), and because the petition will be dismissed on exhaustion grounds, the Court need not and does not reach the merits of the petitioner's claim. *See*, *e.g.*, *Henry v. United States*, No. 11-CV-391 KAM, 2014 WL 7075800, at *4 (E.D.N.Y. Dec. 12, 2014) ("Because the court dismisses petitioner's Section 2241 petition for failure to exhaust state remedies, the court does not consider the merits of petitioner's claims.").

## IV.   CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is **DISMISSED** without prejudice.

The Clerk of Court is respectfully directed to close the case.

**SO ORDERED** at New Haven, Connecticut, this 13th day of June, 2025.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE